THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ÁNGEL QUIÑONES TORRES, Defendant and Appellant.

No. CR-66-383.        Decided January 16, 1968.

*Edna Abruña Rodríguez, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Ida Cardona Hernández, Assistant Solicitor General,* for The People.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellant was convicted of murder in the second degree, violation of § 8 of the Weapons Law (felony) and violation of § 6 of said Law (misdemeanor). In both informations of the felonies, an allegation of subsequent offense was made which states:

(1) Appellant was sentenced for murder in the second degree on May 3, 1948.

(2) He was sentenced for a violation of the Weapons Law (felony) on January 30, 1959.

(3) He was sentenced for assault with intent to commit manslaughter on January 30, 1959.

(4) He was sentenced for a violation of the Weapons Law (felony) on January 30, 1959.

On arraignment and at the commencement of the trial, the record reveals that appellant denied said accusations.

At the close of the prosecution and after the jury had returned its verdicts on the felony cases, and the court had convicted appellant of the misdemeanor, the court, addressing the counsel for the defense, stated that because there existed an allegation of subsequent offense, it wished to know whether the counsel accepted it. The defense objected because it was too late, denied the allegation of subsequent offense, and announced that it would object to any evidence that would be presented. At that moment the prosecuting attorney announced that he intended to present a motion on aggravating circumstances, on the theory that the allegation of subsequent offense had nothing to do with the verdict and the evidence, but merely with the imposition of the sentence.

There seems to prevail certain confusion in the courts of first instance from the experience given by the cases, as to the appropriate treatment of the allegations of subsequent offense. Recently, in *People* v. *Soto Ríos, ante,* p. 469, this Court explained the procedural steps required. See the Rules of Criminal Procedure, 48, 73, 68, and 146.[1]

■ The appellant having denied the accusations of felony, the allegation of subsequent offense should have been supported with evidence before the jury, and the jury should have made pronouncement in its verdict on said allegation. As announced, the prosecuting attorney presented, before pronouncement of sentence, motions under Rule 171 of the Rules of Criminal Procedure to establish aggravating circumstances. At the hearing of said motions the prosecuting attorney presented a 5 page record with all the criminal record of appellant beginning in the year of 1939, and in-

---

[1] The procedure is not an innovation to the Rules. See §§ 233 and 285 of the former Code of Criminal Procedure.

cluding the former felonies alleged in the information as well as other felonies and misdemeanors. The court sentenced appellant, in view of all the evidence, to serve from 22 to 30 years in the penitentiary in the conviction of murder in the 2nd degree, from 2 to 4 years in the penitentiary in the conviction for violation of the Weapons Law (felony), and to one year in jail for the violation of the Weapons Law (misdemeanor). It provided that the three sentences be served consecutively.

Rule 171 of the Rules of Criminal Procedure of 1963 provides that the court, of its own motion, or at the request of the defendant or the prosecuting attorney and upon notice to the adverse party or parties, shall hear the evidence summarily as to circumstances either in mitigation or aggravation of the punishment.

■ Independently of what the contents and significance of the concept mitigating or aggravating circumstances may be in a particular prosecution, it seems to us that this procedure is not an indirect substitution to dispose of an allegation of subsequent offense which, if denied, should have gone to the jury for its consideration. The record shows, however, that at the hearing on the motion under Rule 171 presented by the prosecuting attorney, the defense accepted the record of crimes formerly committed. In view of said acceptance and of the fact that the court imposed a maximum of 30 years as if the subsequent offense did not exist, there is no reason to alter the sentences in their minimums or in their maximums.

■■ Appellant assigns as error that it was prejudicial to him that the court, in its instructions to the jury, stated the following:

."Likewise, every defendant is entitled to testify or not, as he deems it convenient."

He sustains that the term "deems it convenient" had the effect of being a comment as to his silence, since the jury

could understand that in not testifying, it was because he did not deem it convenient to do so. "Convenience" is defined as "usefulness, advantage." "Convenient" is that which is "useful, opportune, advantageous." The court having knowledge of the applicable legal principle undoubtedly used the term "convenient" to signify the *wish* or not of defendant to testify in his trial. Because in such cases the question of semantics arises in the technical-legal area of some instructions to the jury, terms become words of art, and it is perhaps preferable to only instruct that the defendant is not bound to testify or he has the right to refuse to testify.

No prejudicial error was committed in the record, since the trial court also instructed the jury the following:

"In this case the defendant did not testify. The fact that he did not do so is not to be considered as a circumstance which could incriminate him, because the prosecuting attorney is under the obligation to establish his guilt beyond a reasonable doubt, regardless of said omission."

The judgments of conviction appealed from will be affirmed.

Mr. Justice Blanco Lugo concurs in the result.